## McMillen *v.* The State.

CRIMINAL LAW.—*Blackmail.*—*Indictment.*—*Seduction of Wife.*—An indictment for attempting to levy blackmail by accusing the prosecuting witness of the seduction of the defendant's wife is not insufficient merely because inartistically drawn.

SAME.—*Evidence.*—*Wife's Chastity.*—On the trial of such indictment, it is not competent for the State to introduce evidence in relation to the chastity of the wife at the time of such trial.

SAME.—*Compromise of Action by Husband for Crim. Con.*—Where a husband, who, in good faith, has employed attorneys to commence an action for damages for the alleged seduction of his wife by another, demands and receives from such person money or other valuable article in satisfaction and settlement of such threatened action, he is not thereby guilty of blackmail.

From the Marion Criminal Circuit Court.

*B. F. Davis, J. S. Reid* and *I. Klingensmith,* for appellant.

*C. A. Buskirk,* Attorney General, for the State.

PERKINS, J.—In 1873, the Legislature of this State enacted the following statute, 2 R. S. 1876, p. 449:

" SECTION 1. *Be it enacted by the General Assembly of the State of Indiana,* That if any person shall either verbally, or by any letter or writing, or any written or printed communication, demand of any person with menaces, any chattel, money, or other valuable security; or if any person shall accuse, or threaten to accuse, or shall knowingly send or deliver any letter or writing, or any written or printed communication, with or without a name subscribed thereto, or signed with a fictitious name, or with any letter, mark, or designation, accusing or threatening to accuse, any person of any crime punishable by law, or of any immoral conduct, which, if true, would tend to degrade, and disgrace such person, or to do any injury to the person or property of any one, with intent to extort, or gain from such person, any chattel, money, or valuable security, or any pecuniary advantage whatsoever, or with an intent to compel the person threatened to do any act

McMillen *v.* The State.

against his will, with the intent aforesaid; every such offender shall be deemed guilty of a felony, and shall, upon conviction, be imprisoned in the state-prison, for not less than one nor more than five years, to which may be added a fine not exceeding one thousand dollars."

An indictment against David McMillen, based upon this statute, charged, that said David, "on," etc., "at," etc., "did unlawfully, feloniously and knowingly accuse one Gottlieb Lentz with having, before that time, had carnal intercourse and sexual intercourse with Carrie McMillen, a woman, and the wife of said David, as represented to him, the said Lentz, and with the criminal seduction of said Carrie, and with having criminal conversation with her, and with having begotten her with a bastard child, while she was the wife of said David, said accusation being then and there made as aforesaid to him, the said Lentz, and said accusation charging him with immoral conduct, which, if true, would tend to degrade and disgrace him, the said Lentz, with intent then and there and thereby to gain and extort from him, the said Lentz, and induce him to deliver to him, the said McMillen, against his will, certain of his moneys, personal goods and chattels, and promissory notes and other valuable securities of the property and personal goods and chattels of him, the said Gottlieb Lentz, contrary," etc.

This indictment, it will be observed, does not charge a threat to accuse, but an actual accusation of the commission, of an offence.

A motion to quash was overruled.

The indictment was inartistically drawn, but was substantially sufficient.

Trial by jury, conviction of the defendant, and imposition of a fine of one dollar and imprisonment for the period of one year in the penitentiary, as the punishment.

A motion for a new trial was overruled, and judgment, upon the verdict rendered.

The court, upon the trial of the cause, over the objection of the defendant, permitted the State to prove the general bad character for chastity of Carrie McMillen, the wife of the defendant, at the time of the trial, December 14th, 1877, not before and at the date of her marriage with McMillen, viz., the 7th of August, 1876. The court gave the following instruction to the jury.

" 4th. The indictment need not allege that the party against whom the threat was made was innocent of the crime or immorality of which the defendant threatened to accuse him. Although a person may have been guilty of crime or immorality, there is no reason why his money or property should be extorted from him by threatening to accuse him thereof. It is for the interest of society that the guilty should be brought to trial and punishment; but no public interest could possibly be subserved by allowing accusations to be made, even against the guilty, for the sole purpose of extortion. If, therefore, you find, beyond a reasonable doubt, from the evidence, that the defendant did, in the county and State aforesaid, and within two years from finding the indictment, write and send to the prosecuting witness a letter or written communication accusing, or threatening to accuse, such person of the commission of a crime punishable by law, or of degrading or disgraceful immoral conduct, with the intent then and thereby to extort or gain from said person his chattels, money or valuable securities, or any pecuniary advantage, you should find the defendant guilty as charged; and, in determining such question, you should wholly disregard the question of whether the prosecuting witness, Lentz, was guilty or innocent of the crimes or immorality charged against him."

The evidence is in the record. By it it appeared that McMillen, the defendant, appellant in this court, was married to said Carrie McMillen on the 7th day of August, 1876, at Crawfordsville, Ind.; that they commenced house-keeping in this city; that they lived together till

July, 1877, when they separated on account of the intimacy which had commenced, and was discovered, between Gottlieb Lentz and said Carrie; and that, in October, 1876, said McMillen retained attorneys Reid and Klingensmith to commence a civil action for damages in favor of said David McMillen, against said Lentz, on account of the alleged intimacy; that said attorneys informed said Lentz of their employment, and invited him to their office; that Lentz complied with the invitation, and at said office, while there on his first visit, he unexpectedly met McMillen, where and when he was informed of the contemplated suit against him; the complaint, already prepared, was read to him by one of the attorneys, charging him with criminal connections with said Carrie. McMillen and Lentz retired to the consultation room, and agreed upon terms of settlement, which were then and there complied with. Lentz paid fifty dollars in cash, and gave his notes for four hundred dollars. McMillen executed a release of his cause of action, which, the evidence shows, existed.

The above was the charge, and the only charge, of blackmailing proved on the trial upon the indictment in this case.

We think the court erred in permitting, on the part of the State, evidence to go to the jury touching the bad character of Carrie McMillen at the time of the trial, some eighteen months after her marriage with the appellant, David McMillen. We are not informed of the ground upon which such evidence was admitted.

The statute quoted at the commencement of this opinion should not be so construed as to render the injured party liable to indictment for, in good faith, commencing an action against a seducer, or an adulterer; or for making, in good faith, a charge against him, and demanding satisfaction, before the commencement of a suit. Such a charge, or threatened charge, would not be made for extortion, but for obtaining just satisfaction. In this

view, we think the court should have added to the instruction No. 4, which it gave, that, if the jury believed the accusation in this case was made in the manner it was, in good faith, by an injured party, to obtain satisfaction for injury really believed to have been inflicted, they should find that said accusation was not made for the purpose of extortion, and that they might find for the defendant.

The judgment is reversed, and the prisoner ordered to be remanded to the jail of the county, etc., according to the usual practice in such cases.